IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| Amanda Nicole Risovi,<br>　　Defendant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>　　Respondent. | Civil No. 4:17-CV-842-A<br><br>(Criminal No. 4:16-CR-118-A)<br><br>Statement of Evidence<br>Pursuant to F.R.A.P. 10(c) |

STATEMENT OF EVIDENCE
PURSUANT TO F.R.A.P. 10(c)

COMES NOW, Amanda Nicole Risovi, the defendant and pro se prisoner, and respectfully files this "Statement of Evidence under Rule 10(c) of the appellate procedure when a transcript is unavailable", as required by Rule 10(c) of the Federal Rules of Appellate Procedure.

STATEMENT OF EVIDENCE

1) Defendant had her first interview (setup by Matthew Thomas McMeans, a.k.a. "Jesse") around October 23, 2015. He said, "they want more information about Tonya". Once defendant arrived (driven by McMeans to the Federal Bldg., downtown Fort Worth, Texas), McMeans left defendant there (alone with approximately six (6) male agents) who she had never met; the agents took defendant's cell phone from her; took her through at least 2 doors which required unlocking via security access codes entered on a keypad; McMeans left her there and never returned. She was told on her way there that she was going there to give agents additional information. McMeans specifically told her "would not be used against her". That same information was later used in the criminal complaint (Federal).

2) Defendant told attorney Steve Jumes before proffering that her medication was not adjusted properly. He said he was having problems with his meds also.

3) Defendant had two (2) additional proffer sessions with the Federal agents, 4/20/2016 and 5/9/2016. Defendant's attorney Steve Jumes fell asleep during her proffer interview; attorney Steve Jumes told her his medication had been adjusted and cited that as the reason he fell asleep.

4) Attorney Steve Jumes NEVER told defendant that there was such a thing as a **KASTIGAR HEARING**; Never told her that she was entitled to ask for one to ensure that any information she provided to the government under a promise "it will not be used against you", was examined in court (on the record).

5) Attorney Steve Jumes told the defendant that an information and an indictment "were the same thing" and that "pleading to an information is the same as pleading to an indictment".

6) Re: Waiver of Indictment -- defendant was unclear of the reason for that document; that document was not properly explained to the defendant by her attorney; defendant now has some idea that she was "giving up constitutional rights" with that document but was not aware of the significance of that until someone in the law library at prison explained that to her in layman's terms.

7) Defendant attempted to commit suicide while in custody at Parker County Jail (Texas) on May 19, 2016. Attorney Steve Jumes took her to PLEAD GUILTY on May 26, 2016, a mere seven (7) days later without scheduling a competency hearing by a Court approved expert; without providing the Court, to her knowledge, with any written reports to show defendant's competence (both medically and psychologically).

8) Defendant asked to have a competency evaluation (because a couple of nurses and one female doctor told her to inform her attorney she needed one). When she told her attorney Steve Jumes, he said "That is a bad idea ... that will make the Judge angry and he may retaliate."

9) Attorney Steve Jumes alleges that defendant Risovi was thought to be "malingering" regarding her attempt to commit suicide. However, Ms. Risovi told the medical staff in the county jail numerous times that:
   a) she was coming down off heavy drug use;
   b) that previously, coming off drugs caused such extreme suicidal thoughts for her that her Counselor at Positive Pathways knew to hospitalize her immediately when taking her off drugs;
   c) Ms. Risovi begged for medical help in county and begged for them to correct her medication because she feared what might happen... e.g. return to night terrors about what happened in her childhood;
   d) Defendant Risovi was hospitalized at least twice while withdrawing from drugs, verifiable through her Counselor at Positive Pathways, who admitted her to Mesa Springs, Fort Worth, Texas and Springwood, HEB, Texas.

10) At defendant's guilty plea hearing, upon hearing some of the questions the judge asked the other co-defendants, Ms. Risovi expressed concern to attorney Steve Jumes due to her reluctance to discuss those things in front of others due to the sensitive and personal nature of her background; recent events;

    etc. Attorney Jumes said, "we can ask to approach the bench or to go last when it comes up"... defendant was surprised but relieved those sensitive questions were NOT asked (of her) by the Judge.

11) Defendant has since learned that Rule 11 requires those questions be asked and answered before the court accepts a guilty plea, something else defendant learned through self-study in prison.

12) When attorney Steve Jumes finally came to visit the defendant in jail, a considerable time **after defendant received the PSR** in the mail, defendant Risovi had prepared 4 pages (2 legal papers front/back) of disputes to things she saw in her PSR. She had seen numerous errors; totally incorrect statements as well as half-truths that she wanted attorney Steve Jumes to challenge. When she told him about her notes and tried to show them to him, he said **"It was my decision to make and I decided not to raise anything about the PSR."** The deadline was already passed and Attorney Jumes had made that decision without her knowledge or consent.

13) PSR PARAGRAPH 67 - States that [Re: Ms. Risovi]; "attempted suicide by cutting her wrists". However, it fails to indicate defendant Risovi's throat (on the right side) was also cut; fails to mention that her right wrist required 3-4 stitches; that her throat required at least 2 internal stitches and 5 external stitches.

14) Attorney Steve Jumes advised defendant Risovi there would be another proffer session, but failed to ever schedule it; he also failed to obtain anything in writing from the prosecutor to indicate the government's willingness to file a Rule 35 Motion (later) for substantial assistance which had not yet been fully developed at the time of sentencing. Attorney Jumes never informed Ms. Risovi that Rule 35 Motions must be filed within one year of sentencing (unless the court authorizes an extension of that timeline); which would have to be addressed by the court (normally during the initial sentencing) or sometime before that one year period has elapsed. Once again, Ms. Risovi learned of that only through self-study once she was in prison.

15) Ms. Risovi was kept in ISOLATION for approximately 5½ to 6 months [in county jails] after having attempted to commit suicide, but was never sent for a competency evaluation.

16) Attorney Steve Jumes came to see Ms. Risovi in county jail and said "I have brought the discovery" but then immediately proceeded to tell her "Your friend 'Tonya' died, I thought I should be the one to tell you." Ms. Risovi broke down and asked if he could come back, Ms. Risovi was unable to concentrate in her extreme grief. Steven Jumes left but never returned at any other time with discovery.

17) There are NUMEROUS inaccurate statements and errors of law contained in the PSR; inaccurate sentencing guideline calculations; and, attorney Steve Jumes NEVER told defendant Risovi that anything in the PSR left undisputed would become a stipulation by default under Fed.R.Crim.P. Rule 32. Once again, defendant Risovi only learned of that since being in prison.

The United States has ten (10) days to object to the above statement of evidence under Fed. R. App. P. 10(c). Alternatively, the United States can agree to the Statement of Evidence by signing below.

Respectfully submitted on this __18__ day of December, 2017.

*Amanda R*
Amanda Nicole Risovi #54042-177
PRO SE REPRESENTATION
Without Prejudice UCC 1-308
Federal Correctional Institution
Satellite Prison Camp-Aliceville
P.O. Box 487
Aliceville, AL 35442


### AGREEMENT

The United States agrees to the above, "Statement of Evidence" by signing here:

_____
UNITED STATES ATTORNEY

CERTIFICATE OF SERVICE

This is to certify, under penalty of perjury under the laws of the United States of America pursuant to 28 U.S.C. §1746, that I have served a true and correct copy of the foregoing:

(1) Statement of Evidence (FRAP 10(c)) + Affidavit (FRAP 10(c)) + Exhibits (A-E)
(2) NOTICE of incomplete Filing Service
(3) MOTION for an Evidentiary Hearing + **Memorandum**
(4) MOTION for Expansion of the Record
(5) MOTION for Extension of time to perfect Defendant's Reply to Gov't Response
    + PROPOSED ORDER
(6) RE-SUBMISSION of REQUEST FOR COURT ORDER (orig filed by mailbox rule 12/13/17)

upon the following address(es) by placing same in a sealed envelope, bearing sufficient postage for delivery via the United States Postal Service, to:

Clerk of Court
Eldon B. Mahon U.S. Courthouse
501 W 10th St
Room 310
Fort Worth, TX  76102

Civil Process Clerk
Eldon B. Mahon U.S. Courthouse
501 W 10th St
U.S. Attorney's Office
Fort Worth, TX  76102

and deposited it in the postal box provided for inmates on the grounds of the Federal Correctional Institution, Aliceville, AL on this __18 TH__ day of __December__, 20__17__.

RECEIVED
DEC 2 6 2017

_____
signature
Amanda Nicole Risovi
Register No. __54042-177__
PRO SE REPRESENTATION
Federal Correctional Institution - Aliceville
Satellite Prison Camp (SPC)
P.O. Box 487
Aliceville, AL  35442

Litigation is deemed FILED at the time it was delivered to prison authorities. See Houston v. Lack, 487 US 266, 101 L Ed 2d 245, 108 S Ct 2379 (1988)